# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROXANE LABORATORIES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 2:12-cv-00312-MHW-NMK |
| ABBOTT LABORATORIES, | |
| Defendant. | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO ABBOTT'S
## MOTION TO SUBSTITUTE ABBVIE INC. AS THE DEFENDANT IN THIS ACTION

I. INTRODUCTION

When Roxane brought this action on April 10, 2012, defendant Abbott Laboratories ("Abbott") was the named assignee of U.S. Patent Nos. 7,148,359 (the "'359 Patent") and 7,364,752 (the "'752 Patent") (collectively, the "Patents-in-Suit") and the holder of New Drug Application No. 22-417 (the "NDA") for ritonavir tablets, which Abbott markets and sells as Norvir®. (*See* D.I. 1 ¶¶ 9-10.) However, Abbott recently assigned its rights to the Patents-in-Suit to AbbVie Inc. ("AbbVie"). (D.I. 42 at 4; D.I. 43 at 3.)

Upon learning of the assignment through an Abbott interrogatory response on August 24, 2012, Roxane moved to *add* AbbVie as *a* defendant to this litigation pursuant to FEDERAL RULE OF CIVIL PROCEDURE 25(c). (D.I. 42.) Abbott responded with its pending motion, seeking to *substitute* AbbVie as *the* lone defendant to this litigation pursuant to Rule 25(c). (*See* D.I. 43.) The only difference between the resolutions sought by the two opposing motions is whether Abbott will remain as a defendant or whether it will be wholly replaced by AbbVie.

Roxane does not dispute that AbbVie is now apparently the current owner of the Patents-in-Suit and the NDA. Roxane also does not dispute that Rule 25(c) would be a proper mechanism for the Court to bring AbbVie into this case. Thus, Rule 25(c) is a procedural rule that permits either substitution or joinder, in the discretion of the Court. Rather, Roxane opposes Abbott's motion because if Abbott does not remain a party to the present lawsuit, then Roxane may have significant difficulty obtaining the necessary discovery in an expeditious manner, and the information available to date does not indicate whether AbbVie has accepted liability for the claims asserted by Roxane (i.e., Roxane's claim for attorneys' fees in this action).

-2-

II.     ARGUMENT

    A.     **FEDERAL RULE OF CIVIL PROCEDURE 25(c) grants the Court the discretion to add or substitute AbbVie as a Defendant**

FEDERAL RULE OF CIVIL PROCEDURE 25(c) states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or ***joined with the original party***." (emphasis added). Rule 25(c) is a procedural device which allows a court substantial discretion to "facilitate the conduct of a case." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993). "In examining a Rule 25(c) motion, the court must first analyze 'the respective rights and liabilities governing the case,' and then must determine 'whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both as parties.'" *Eastman Chem. Co. v. AlphaPet Inc.*, C.A. No. 09-971-LPS-CJB, slip op. at 6 (D. Del. Dec. 9, 2011) (quoting 6 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 25.34[3] (3d ed. 1011)).

Here, Roxane does not dispute that the ownership of the Patents-in-Suit was assigned to AbbVie or that because of the assignment, AbbVie should be a party to this lawsuit.[1]  Further, Roxane does not dispute that the Court may use Rule 25(c) to make AbbVie a defendant.

---

[1] Abbott repeatedly refers to the pending litigation in Delaware, where Roxane moved to dismiss for lack of jurisdiction after Abbott persisted as the sole plaintiff for a month after relinquishing its rights to the patents at issue in that case.  Because Abbott lacked standing to maintain that action as Plaintiff, jurisdiction is lacking in that case.  *See Qimonda AG v. LSI Corp.*, --- F. Supp. 2d ---, 2012 WL 777494 (E.D. Va. Mar. 7, 2012).

The motion in Delaware has no bearing here.  Most fundamentally, Roxane's motion in Delaware was based on jurisdictional grounds, and there is no jurisdictional challenge in this case.

Rather, the dispute is limited to whether the Court should use Rule 25(c) to join AbbVie as a defendant with Abbott or substitute AbbVie as the sole defendant in place of Abbott.

> B.      The Court should add AbbVie as a defendant

Rule 25(c) allows the District Court to decide whether addition or substitution is more appropriate to facilitate the litigation.  *See Verizon Advanced Data Inc. v. FrogNet, Inc.*, No. 05-cv-955, 2011 WL 6340262, at *10 (S.D. Oh. Dec. 19, 2011); *Melton v. Bank of Lexington*, No. 02-1152, 2008 WL 867896, at *1-*2 (W.D. Tenn. Mar. 28, 2008).  "Among the factors that may bear on the efficiency of the litigation is the impact that joinder/substitution has on discovery." *Eastman*, slip op. at 11 (citing *Abraxis Bioscience, Inc. v. Novartis LLC*, Civil Action No. 07-1251, 2009 WL 904043, at *5-*6 (D.N.J. Mar. 30, 2009)).  Here, there can be no dispute that this case will proceed more efficiently if Abbott remains a defendant (at least for the time being).

Discovery in this litigation is inexorably intertwined with Abbott.  Norvir® was developed at Abbott.  Abbott employees are named inventors of the Patents-in-Suit, and the patents were originally assigned to Abbott.  By suggesting that it "expects" that documents and employees "will be" transitioned to AbbVie, Abbott essentially concedes that it still currently controls the relevant discovery.  (D.I. 43 at 3.)  Indeed, Abbott's Motion admits that the separation between the two companies will not be completed until later this year.  (*Id.*)  Notably, the website for Norvir® still recites "Copyright © 2010 Abbott Laboratories.  Abbott Park, Illinois, U.S.A.," indicating that Abbott still retains various information pertinent to Norvir® and this dispute.  (*See* www.norvir.com.)  With discovery currently ongoing, substituting out Abbott will unnecessarily delay progress in this case.

Even if Abbott were to assure the Court that it would continue to provide discovery, it could not do so in an efficient manner.  For example, if Abbott remains a party, Roxane will be able to pursue depositions of Abbott employees by notice, and will be entitled to invoke other

discovery mechanisms such as interrogatories and requests for admission. But if AbbVie replaces Abbott, Roxane will be limited to third-party subpoenas. Moreover, if Abbott remains a party, discovery disputes may be addressed pursuant to the Court's procedures, instead of by a foreign district with no familiarity with the dispute. If AbbVie replaces Abbott, the need for third-party discovery would "add a significant layer of complication that would slow the progress of this case." *Eastman*, No. 09-971-LPS-CJB, slip op. at 11.

In addition to discovery concerns, Roxane's complaint against Abbott requested, *inter alia*, that Roxane be awarded its costs and reasonable attorneys' fees. (D.I. 1 at 6.) It is not clear that the full interest in the suit has been transferred to AbbVie such that AbbVie would in fact be liable for such costs and fees, given that Abbott has already taken numerous actions to date in the litigation. Since Abbott is potentially liable for such fees, it should remain a defendant.

Given the discretion which Rule 25(c) affords the Court, there is simply no reason to risk such inefficiencies by substituting AbbVie and depriving Roxane the ability to obtain discovery from Abbott as a party. The more appropriate approach is to join AbbVie, either under Rule 25(c) or by granting Roxane leave to file its amended complaint (D.I. 42.)

### III.    CONCLUSION

For the foregoing reasons, Roxane respectfully requests that the Court deny Abbott's Motion to Substitute AbbVie as the defendant in this litigation.

Dated: September 24, 2012

    /s/ Drew H. Campbell
Drew H. Campbell (0047197)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2300
Facsimile: (614) 227-2390
dcampbell@bricker.com

*Attorneys for Defendant*
*Roxane Laboratories, Inc.*

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
kenneth.schuler@lw.com
marc.zubick@lw.com

Roger J. Chin
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
roger.chin@lw.com

Jennifer Koh
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 400
San Diego, California 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
jennifer.koh@lw.com

-6-

>Gregory K. Sobolski
>LATHAM & WATKINS LLP
>555 Eleventh Street, N.W., Suite 1000
>Washington, D.C. 20004
>Telephone: (202) 637-2200
>Facsimile: (202) 637-2201
>gregory.sobolski@lw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2012, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's CM/ECF filing system. Parties may access this filing through that system.

>/s/ Drew H. Campbell
>Drew H. Campbell

CH\1407250.1