IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROXANE LABORATORIES, INC. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 2:12-cv-00312 |
| v. | ) <br> ) Judge Michael H. Watson |
| ABBOTT LABORATORIES, | ) Magistrate Judge Norah McCann King <br> ) |
| Defendant. | ) <br> ) |

**REPLY IN SUPPORT OF DEFENDANT ABBOTT LABORATORIES' MOTION TO SUBSTITUTE ABBVIE INC. AS THE DEFENDANT IN THIS ACTION**

Abbott Laboratories ("Abbott") submits this reply in support of its motion to substitute AbbVie Inc. ("AbbVie") as the defendant in this action.  Abbott has assigned the patents-in-suit and the Norvir® NDA to AbbVie.  As established in Abbott's opening motion (D.I. 43), AbbVie is currently a wholly owned subsidiary of Abbott; in a few months' time, however, AbbVie will be a separate, standalone company that will exclusively continue all aspects of what is currently Abbott's research-based pharmaceutical business.  (*See id.* at 1.)  Thus, Abbott maintains that it should not remain a party because it will have no continuing interest in this action.

Roxane Laboratories, Inc. ("Roxane") opposes Abbott's motion to substitute, but only to the extent that it would eliminate Abbott from this case.  (D.I. 46 at 1.)  Roxane does not—as it cannot—dispute that AbbVie is the owner of the patents-in-suit or that AbbVie is a proper party to the action.  (*Id.*)  Rather, Roxane offers two arguments in opposition to Abbott's motion to substitute.  First, Roxane posits that if Abbott does not remain as a party to the present action, Roxane will have difficulty obtaining discovery in an expeditious manner.  (*Id.* at 3-4.)  But AbbVie is the proper defendant in this case, and there is no reason to maintain this suit against

1

Abbott on the sole ground that it *might* retain some discovery relevant to this case. Second, Roxane argues that substitution of AbbVie for Abbott in this action will possibly deprive Roxane of its prayed for costs and attorneys' fees. (*Id.* at 4.) But AbbVie has assumed any such obligation from Abbott. As explained further below, these speculative arguments do not warrant denial of Abbott's motion to substitute pursuant to Rule 25(c).[1] Because substitution of AbbVie for Abbott will not prejudice Roxane, this Court should grant Abbott's Motion.

I. **SPECULATION THAT ABBOTT MAY RETAIN DISCOVERABLE INFORMATION DOES NOT JUSTIFY RETAINING ABBOTT IN THIS CASE**

Unsubstantiated discovery concerns should not prevent this Court from permitting an otherwise proper substitution of parties. Roxane's argument that Abbott should remain a party because it may have information relevant to various categories of listed subject matter and control over employees is thus misplaced. (*See* D.I. 46 at 3-4.) As an initial matter, the complete transfer of discoverable information from assignor to assignee is not a requirement for substitution under Rule 25(c), and Roxane has cited no authority to the contrary.

Furthermore, the transaction between Abbott and AbbVie was more than simply a transfer of the patents-in-suit. Indeed, Abbott's entire research-based, proprietary pharmaceutical business is separating from Abbott to become AbbVie. It is not proper for a plaintiff to bring suit against a third party simply to obtain discovery; it is similarly inappropriate to maintain suit against Abbott for no other reason under these circumstances.

---

[1] Courts have already granted similar motions to substitute AbbVie for Abbott in other pending patent litigation matters in U.S. district courts. (*See, e.g.*, D.I. 45.1, Exh. A (*Abbott Labs. v. Matrix Labs.*, No. 1:09-cv-01586, D.I. 70 (N.D. Ill. Sept. 12, 2012) (granting Abbott's unopposed motion to substitute AbbVie as plaintiff)); D.I. 45.1, Exh. B (*Abbott Labs. v. Sun Pharm. Indus.*, No. 10-112 (SLR)(MPT) (D. Del. Sept. 12, 2012) (entering joint stipulation to substitute parties)); D.I. 45.1, Exh. C (*Abbott Labs. v. Cadila Healthcare Ltd.*, No. 12-065 (SLR) (D. Del. Sept. 14, 2012) (same)); Exh. A, attached hereto (*Abbott Labs. v. Watson Labs., Inc. - Florida*, No. 12-324(SLR) (D. Del. Oct. 1, 2012) (same)).)

In the event that Abbott has discoverable information not in AbbVie's possession, custody, or control, AbbVie will cooperate with Roxane to facilitate the disclosure of any such discovery.  Abbott will not object on the basis of substitution or the separation of the companies to providing documents, information, and witnesses responsive to discovery requests from Roxane in this action that are now or for any reason remain within the possession, custody, and control of Abbott.

Nor will substitution of AbbVie for Abbott affect the case schedule or timing of this action.  AbbVie will not seek to modify any scheduling order in this case based solely on the substitution or separation of AbbVie from Abbott.

## II.    SUBSTITUTION WILL NOT DEPRIVE ROXANE FROM PURSUING ITS FULL REMEDIES

Roxane further argues that it is unclear that the full interest in the suit has been transferred to AbbVie to the extent that AbbVie would be liable for costs and reasonable attorneys' fees.  (D.I. 46 at 4.)  As an initial matter, Abbott disagrees that Roxane would be entitled to any costs or attorney fees in this litigation.  But at any rate, Abbott has properly transferred all of its rights, title, and interest in the patents-in-suit and Norvir® to AbbVie, and AbbVie has assumed all of Abbott's potential liabilities in connection with Norvir® litigation.  (*See* Exh. B.)[2]  Moreover, as the successor in interest, AbbVie is the party that will be bound by the decisions of this Court in this litigation.  *See United Access Techs., LLC v. EarthLink, Inc.*, No. 02-272-MPT, 2012 WL 2175786, at *5 (D. Del. June 14, 2012) ("Because UA succeeded to Original Plaintiffs' interest in the litigation, and as a real party in interest, indeed the only party in interest, it is responsible for any judgment for taxable costs.").

---

[2] Exhibit B will be filed separately under seal.

3

### III. SUBSTITUTION OF ABBVIE WILL NOT PREJUDICE ROXANE

Finally, Roxane will not be prejudiced in any respect by the substitution of AbbVie for Abbott. Substitution will not substantively impact the merits or timing of the underlying litigation, and Abbott has committed to facilitate the orderly continuation of this matter with the proper parties. Conversely, if Abbott were to remain a party to the action, it would needlessly incur the cost and burden of litigation, even though it no longer has any legal interest in the patents-in-suit or the Norvir® tablet NDA. Indeed, all of the parties' and judicial resources would be taxed needlessly by the presence of a superfluous party.

### IV. CONCLUSION

For all the above reasons and those in Abbott's opening motion, Abbott respectfully requests that this Court grant Abbott's motion to substitute AbbVie for Abbott as defendant in this action.

Dated: October 12, 2012								Respectfully submitted,

                                                    s/ Alycia N. Broz
                                                  Alycia N. Broz (#0070205)
                                                  Trial Attorney
                                                  Elizabeth Smith (#0012075)
                                                  VORYS, SATER, SEYMOUR AND PEASE LLP
                                                  52 East Gay Street
                                                  Columbus, Ohio 43215-1008
                                                  anbroz@vorys.com
                                                  etsmith@vorys.com

                                                  *Attorneys for Abbott Laboratories and AbbVie Inc.*

Of Counsel:

Barbara R. Rudolph
Jennifer A. Johnson
Mindy L. Ehrenfried
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

## CERTIFICATE OF SERVICE

      I certify that, on October 12, 2012, REPLY IN SUPPORT OF DEFENDANT ABBOTT LABORATORIES' MOTION TO SUBSTITUTE ABBVIE INC. AS THE DEFENDANT IN THIS ACTION was electronically filed with the Clerk of Court with the CM/ECF system, which will send notification of such filing on counsel of record, as follows:

Drew H. Campbell
BRICKER & ECKLER
100 S Third Street
Columbus OH 43215-4291
dcampbell@bricker.com

Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606-6401
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
kenneth.schuler@lw.com
marc.zubick@lw.com

Roger J. Chin
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
roger.chin@lw.com

Jennifer Koh
LATHAM & WATKINS LLP
12636 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
jennifer.koh@lw.com

Gregory K. Sobolski
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
gregory.sobolski@lw.com

                    s/ Alycia N. Broz