IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ROXANE LABORATORIES, INC.,

        Plaintiff,

   vs.                          Civil Action 2:12-cv-312
                                    Judge Watson
                                    Magistrate Judge King

ABBOTT LABORATORIES,

        Defendant.


<u>OPINION AND ORDER</u>

      This matter is before the Court on *Roxane's Motion for Leave to File Under Seal an Amended Complaint to Add Party* ("*Plaintiff's Motion to Amend*"), Doc. No. 42, in which plaintiff seeks to amend the *Complaint* to add AbbVie Inc. ("AbbVie"), as a party. Defendant Abbott Laboratories ("Abbott") opposes that motion on the basis that AbbVie should be substituted as a defendant under Rule 25© of the Federal Rules of Civil Procedure. *Abbott Laboratories' Memorandum in Response to Roxane Laboratories, Inc.'s Motion for Leave to File an Amended Complaint to Add New Party*, Doc. No. 45. Plaintiff has filed a reply. *Plaintiff's Reply Brief in Further Support of its Motion to for (sic) Leave to File an Amended Complaint to Add New Party* ("*Plaintiff's Reply*"), Doc. No. 47.

      Also before the Court is *Defendant Abbott Laboratories' Motion to Substitute AbbVie Inc. as the Defendant in this Action* ("*Abbott's Motion to Substitute*"), Doc. Nos. 43, 44. Plaintiff opposes that motion on the basis that AbbVie should be joined as a party.

1

*Plaintiff's Brief in Opposition to Abbott's Motion to Substitute AbbVie Inc. as the Defendant in This Action* ("*Plaintiff's Response to Abbott's Motion to Substitute*"), Doc. No. 46. Abbott has filed a reply. *Reply in Support of Defendant Abbott Laboratories' Motion to Substitute Abbvie Inc. as the Defendant in This Action* ("*Abbott's Reply*"), Doc. No. 49.

Plaintiff instituted this action on April 10, 2012, seeking a declaration of invalidity and noninfringement in connection with two patents held by Abbott relating to the drug Norvir®. The patents involved in this case were subsequently assigned to AbbVie. *See Plaintiff's Reply*, pp. 1-2. AbbVie is currently a wholly owned subsidiary of Abbott that, due to restructuring at Abbott, will soon take over Abbott's research-based, proprietary pharmaceutical business and become an independent company. *Abbott's Reply*, p. 1.

Plaintiff does not dispute that AbbVie is the owner of the patents at issue in this case, that "AbbVie should be a party to this lawsuit," or that Rule 25 is a proper mechanism by which to join AbbVie in the case. *Plaintiff's Reply*, pp. 1-2. Plaintiff argues, however, that AbbVie should be joined – not substituted – as a party because this case "will proceed more efficiently if Abbott remains a defendant." *Id*. at p. 3. Specifically, plaintiff argues that discovery is "inexorably intertwined with Abbott" because Norvir® was developed at Abbott, Abbott employees are named inventors of the patents at issue in this case, and the patents were originally assigned to Abbott. *Plaintiff's Response to Abbott's Motion to Substitute*, p. 3. According to plaintiff, Abbott would be unable to

provide discovery in an "efficient manner" if AbbVie is substituted as
the only defendant. *Id.* at pp. 3-4. Plaintiff also argues that
Abbott should remain a party because Abbott is potentially liable for
attorneys' fees and it "is not clear that the full interest in the
suit has been transferred to AbbVie such that AbbVie would in fact be
liable for such costs and fees." *Id.* at p. 4.

Abbott argues that the complete transfer of discoverable
information from assignor to assignee is not a requirement for
substitution under Rule 25(c) and that it would be improper to
maintain Abbott as a party simply for purposes of discovery. *Abbott's
Reply*, p. 2. Abbott also maintains that it "has properly transferred
all of its rights, title, and interest in the patents-in-suit and
Norvir® to AbbVie, and that AbbVie has assumed all of Abbott's
potential liabilities in connection with Norvir® litigation. *Id.* at
p. 3.

Rule 25(c) provides that, "[i]f an interest is transferred, the
action may be continued by or against the original party unless the
court, on motion, orders the transferee to be substituted in the
action or joined with the original party." Fed. R. Civ. P. 25(c).
Rule 25 is a "procedural device designed to facilitate the conduct of
a case, and does not affect the substantive rights of the parties or
the transferee." *Iron Workers Local No. 25 Pension Fund v. Watson
Wyatt & Co.*, No. 04-40243, 2008 WL 1924884, at *1 (E.D. Mich. Apr. 30,
2008) (citing 6 Moore's Federal Practice, § 25.32 (Matthew Bender 3rd
Ed.)). "'Rule 25(c) does not require that anything be done after an
interest has been transferred.'" *Blachy v. Butcher*, 221 F.3d 896, 911

(6th Cir. 2000) (quoting *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3rd Cir. 1993)). Rather, "'[t]he rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action itself survives the transfer to the new party.'" *Verizon Advanced Data Inc. v. FrogNet, Inc.*, No. 05-cv-955, 2011 WL 6340262, at *11 (S.D. Ohio Dec. 19, 2011) (quoting *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995)). Because Rule 25(c) is merely a procedural device designed to facilitate the conduct of a case, a decision under the Rule generally falls within the district court's discretion. *Raymond v. Tenn. Valley Auth.*, No. 3:09-CV-48, 2012 WL 2191625, at *2 (E.D. Tenn. June 14, 2012) (citing *Luxliner P.L. Export, Co.*, 13 F.3d at 71). *See also Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 154 (6th Cir. 1992) (citing *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)).

The Court agrees with Abbott that it would be imprudent to maintain Abbott as a party simply for the ease of discovery. However, it is unclear from the record whether AbbVie has assumed all of Abbott's potential liabilities in connection with this case. *See Abbott's Motion to Substitute*, Doc. No. 44, Exhibit B; *Abbott's Reply*, Exhibit B. The assignment agreements attached to *Abbott's Motion to Substitute* and *Abbott's Reply* are redacted such that the Court is unable to determine if AbbVie has assumed liability for any attorneys' fees, should such fees be awarded to plaintiff in this case. Under the circumstances, the Court will exercise its discretion under Rule 25(c) and will join AbbVie Inc., as a defendant along with defendant

4

Abbott. *See Melton v. Bank of Lexington*, No. 02-1152 B/P, 2008 WL 867896, at *1 (W.D. Tenn. Mar. 28, 2008) (exercising discretion under Rule 25(c) to join parties – rather than substitute parties – even though the record provided that the joined party assumed all the debts and liabilities of the original defendant).

Accordingly, *Abbott's Motion to Substitute*, Doc. Nos. 43, 44, is **DENIED**. *Plaintiff's Motion to Amend*, Doc. No. 42, is **GRANTED**.[1]

Plaintiff shall file an amended complaint reflecting the addition of AbbVie Inc., as a named defendant within ten (10) days from the date of this order.

November 14, 2012                    *s/ Norah McCann King*
                                   Norah McCann King
                            United States Magistrate Judge

---

[1] The *Preliminary Pretrial Order*, Doc. No. 29, requires that all motions for leave to amend the pleadings be filed, if at all, by April 1, 2013.