```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


ROXANE LABORATORIES, INC.,

        Plaintiff,

    vs.                             Civil Action 2:12-cv-312
                                    Judge Watson
                                    Magistrate Judge King

ABBOTT LABORATORIES, et al.,

        Defendants.
_____

ABBVIE, INC.,

        Plaintiff,
                                    Civil Action 2:13-cv-645
    vs.                             Judge Watson
                                    Magistrate Judge King

ROXANE LABORATORIES, INC.,

        Defendant.
```

## OPINION AND ORDER

This matter is before the Court for consideration of plaintiff *Roxane Laboratories, Inc.'s Motion to Compel Responses to Interrogatories* ("*Plaintiff's Motion to Compel*"), Doc. No. 115, defendant AbbVie Inc.'s *Opposition to Plaintiff's Motion to Compel Responses to Interrogatories* ("*Defendant's Response*"), Doc. No. 123, and plaintiff's reply, *Roxane Laboratories, Inc.'s Reply in Further Support of its Motion to Compel Responses to Interrogatories* ("*Plaintiff's Reply*"), Doc. No. 125.  For the reasons that follow, *Plaintiff's Motion to Compel* is **DENIED**.

I.  **Background**

Defendant AbbVie Inc. ("AbbVie"), is the holder of approved New Drug Application ("NDA") No. 22-417 for ritonavir tablets, 100 mg, which is marketed and sold under the trade name Norvir®.  No. 2:12-cv-312 (S.D. Ohio), Doc. No. 58, ¶ 13.  AbbVie also holds the regulatory exclusivities associated with that NDA.  *Id*.  Plaintiff Roxane Laboratories, Inc. ("Roxane" or "plaintiff") has submitted Abbreviated New Drug Application No. 202573 ("ANDA 202573") to the United States Food and Drug Administration in order "to obtain regulatory approval to engage in the commercial manufacture, use, or sale of generic oral ritonavir tablets, 100 mg," which are the "bioequivalent" to Norvir®, "before the expiration of the Listed Patents."  No. 2:12-cv-312 (S.D. Ohio), *Amended Complaint*, Doc. No. 56, ¶ 16.

Roxane filed suit in this Court on April 10, 2012 at 4:25 p.m., seeking a declaration of invalidity and non-infringement in connection with Patent Nos. 7,148,359 (the "'359 patent") and 7,364,752 (the "'752 patent") held by defendants Abbott Laboratories ("Abbott") and AbbVie and relating to the drug Norvir®.  *See id*. at ¶¶ 1, 11-13.  At 11:51 pm on that same day, Abbott filed suit in the United States District Court for the District of Delaware, alleging that Roxane's ANDA infringed Abbott's '359 patent, '752 patent, and Patent Nos. 5,648,497 (the "'497 patent"), 6,037,157 (the "'157 patent"), and 6,703,403 B2 (the "'403 patent"), all related to the drug Norvir®. 2:13-cv-645 (S.D. Ohio), *Complaint*, Doc. No. 1, ¶ 3; 2:13-cv-645 (S.D. Ohio), *Amended Complaint*, Doc. No. 8, ¶ 3. That action was transferred to this Court on June 18, 2013.  *Id., Order*, Doc. No. 65.

A Rule 16 conference was held in the Ohio action on June 20, 2012. No. 2:12-cv-312 (S.D. Ohio), *Preliminary Pretrial Order*, Doc. No. 29. Noting the pendency of the Delaware action and in an effort to "minimize the risk of duplicate discovery," the Court ordered "that discovery conducted in either of the pending cases may be utilized, if otherwise appropriate, in the other case." *Id*. at p. 2.

On July 6, 2012 and September 7, 2012, Roxane propounded two sets of interrogatories in the Ohio action directed to the '359 and '752 patents, which are referred to in the interrogatories as the "Patents-in-Suit." *Plaintiff's Motion to Compel*, p. 5, Exhibits 7, 12. Roxane also specified that, should the Delaware action be transferred to the Southern District of Ohio, "the term 'Patents-in-Suit' shall also include" the '497, '157, and '403 patents (collectively the "transferred patents"). *Id*. at Exhibit 7, p. 3 n.1. Roxane also sought extensive discovery in the Ohio action regarding the transferred patents. *See Order*, Doc. No. 64. On December 19, 2012, the Court conferred with counsel for all parties regarding Roxane's requested discovery relating to the transferred patents and concluded that discovery related to the transferred patents was not relevant to the Ohio action. *Id*.

The United States District Court for the District of Delaware did not conduct a Rule 16 conference nor did it issue a scheduling order. Nevertheless, on February 14, 2013, the parties accepted that court's jurisdiction for the limited purpose of resolving discovery disputes and they stipulated to the "production of documents and things." No. 2:13-cv-645 (S.D. Ohio), *Stipulation Regarding Discovery of Documents*

3

*and Things*, Doc. No. 53. On March 11, 2013, Roxane served interrogatories in the Delaware action related to the transferred patents. *Plaintiff's Motion to Compel*, Exhibit 14.

On June 18, 2013, AbbVie was substituted as a party for Abbott in the Delaware action, and Roxane's motion to transfer the Delaware action to this Court was granted. No. 2:13-cv-645 (S.D. Ohio), Doc. Nos. 13, 65. At the time, AbbVie had not answered any of Roxane's interrogatories addressing the transferred patents. *Defendant's Response*, p. 2. On July 3, 2013, AbbVie objected to the interrogatories on the basis that the interrogatories had been improperly served because they were not yet authorized in the transferred action. *Id*. at Exhibit 10. On July 18, 2013, Roxane filed *Plaintiff's Motion to Compel*, seeking to compel response to interrogatories relating to the transferred patents and deeming all objections waived pursuant to Fed. R. Civ. P. 33(b)(4). *Plaintiff's Motion to Compel*, p. 2.

As noted *supra*, the Delaware action was transferred to this Court on June 18, 2013. On July 23, 2013, the parties' July 9, 2013 joint motion to consolidate the Ohio action and the transferred action was granted. No. 2:12-cv-312 (S.D. Ohio), Doc. No. 120; No. 2:13-cv-645 (S.D. Ohio), Doc. No. 69.

Roxane's contested discovery requests contain both contention and non-contention interrogatories. AbbVie served responses to the non-contention interrogatories on August 2, 2013; AbbVie has not responded to the contention interrogatories. *Defendant's Response*, p. 2; *Plaintiff's Reply*, PAGEID 3580; No. 2:12-cv-312 (S.D. Ohio), *Order*,

4

Doc. No. 124, p. 2. The Court conferred with counsel on August 8, 2013 to establish a revised pretrial schedule for the consolidated case. No. 2:12-cv-312 (S.D. Ohio), *Order*, Doc. No. 124. After conferring with counsel, the Court ordered, *inter alia*, that AbbVie respond to Roxane's contention interrogatories no later than September 30, 2013 or by another date set by the Court in resolving *Plaintiff's Motion to Compel*. *Id*. at p. 2.

**II. Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts

5

have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).  *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).  In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'"  *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  This prerequisite has been met in this case.

**III. Discussion**

As discussed *supra*, Roxane seeks an order compelling response to interrogatories concerning the transferred patents.  *Plaintiff's Motion to Compel*, PAGEID 3321.  AbbVie does not dispute the relevance of the interrogatories and, in fact, the Court has already ordered AbbVie to respond to the interrogatories that remain outstanding.  No. 2:12-cv-312 (S.D. Ohio), *Order*, Doc. No. 124, p. 2.  Nevertheless, AbbVie takes the position that *Plaintiff's Motion to Compel* should be denied because the contested interrogatories were not authorized either in the Delaware action or by this Court.  *Defendant's Response*, PAGEID 3517.

6

Roxane argues that it "[a]ppropriately and [t]imely [s]erved" two sets of interrogatories directed to the transferred patents. *Plaintiff's Motion to Compel*, PAGEID 3324. "First, Roxane served interrogatories in the Ohio action . . . on July 6, 2012 and September 7, 2012 . . . . Second, Roxane served interrogatories in the Delaware action on March 11, 2013 . . . ." *Id*. These interrogatories "became ripe," Roxane argues, "[o]nce the Delaware action was transferred to this Court" because (1) "the parties long ago met their Rule 26(f) obligations in the Ohio case . . . [and] the parties filed a joint motion to consolidate the two actions in Ohio" and (2) the discovery requests in the Ohio action covered the transferred patents once the Delaware action was transferred to this Court. *Plaintiff's Reply*, PAGEID 3578-79. *See also id*. at PAGEID 3581 (arguing that the procedural posture of the Delaware action "became irrelevant once the Delaware action was transferred."). Roxane's arguments are without merit.

*Plaintiff's Motion to Compel* was filed on July 18, 2013, *i.e.*, before the consolidation of the transferred action and the Ohio action. However, interrogatories directed at the transferred patents were not proper in either action prior to consolidation. Significantly, the court in the Delaware action did not issue a scheduling order, neither this Court nor the court in the Delaware action authorized discovery in the Delaware action prior to consolidation, and the parties' February 14, 2013 stipulation to permit limited discovery, No. 12-cv-645 (S.D. Ohio), *Stipulation Regarding Discovery of Documents and Things*, Doc. No. 53, did not

7

authorize or contemplate interrogatories.  Roxane's interrogatories in the Ohio action do contemplate the discovery of information relating to the transferred patents should the Delaware action be transferred to the Southern District of Ohio, *see Plaintiff's Motion to Compel*, p. 5, Exhibit 7 at p. 3 n.1; however, the transferred patents did not become relevant to the Ohio action until the cases were consolidated because neither the transfer of the Delaware action to the Southern District of Ohio nor the parties' agreement to consolidate rendered the transferred patents relevant to the Ohio action.  *See* Fed. R. Civ. P. 42 ("If actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions") (emphasis added).  As this Court concluded on December 19, 2012, discovery related to the transferred patents, as a group, was "not expressly at issue in [the Ohio] action" and had not been established as relevant to the Ohio action.  *Order*, Doc. No. 64.  Roxane has not provided a persuasive reason to alter this conclusion.  The transferred patents therefore did not become relevant to the Ohio action until the cases were consolidated on July 23, 2013, *i.e.*, five days after Roxane filed its motion to compel.

Although discovery relating to the transferred patents is now authorized in the consolidated cases, such discovery was not authorized in either action prior to consolidation.  Roxane's motion to compel response to interrogatories propounded prior to the consolidation and directed to the transferred patents is therefore without merit.

8

Roxane also seeks an order deeming all objections to the contested interrogatories waived pursuant to Fed. R. Civ. P. 33(b)(4). *Plaintiff's Motion to Compel*, p. 2.  Roxane argues that AbbVie failed to timely respond to the interrogatories and has therefore waived all objections to the interrogatories.  Rule 33(b)(4) provides that "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Because Roxane's interrogatories were not authorized at the time they were propounded, AbbVie was not required to timely object to those interrogatories.  AbbVie has not, therefore, waived any objection to those interrogatories.

*Plaintiff's Motion to Compel*, Doc. No. 115, is therefore **DENIED**. AbbVie shall respond to Roxanne's contention interrogatories by September 30, 2013. *See* No. 2:12-cv-312 (S.D. Ohio), *Order*, Doc. No. 124, p. 2.

September 3, 2013                               *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge